UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BOBBY LOUIS PECK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:06-CV-226 AS |
| v. | ) |
| | ) |
| **CECIL K. DAVIS,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

### *OPINION AND ORDER*

Bobby Louis Peck, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>   In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Peck alleges that, based on false reports, he was charged and found guilty of violating a prison rule for which he lost good time credit. On appeal the findings were overturned. On re-hearing, he was found guilty and again lost good time. On appeal, the findings were overturned and the sanctions rescinded. He alleges that he was denied the opportunity to present evidence at both hearings.

Specifically, Mr. Peck alleges that on March 2, 2005, Charles E. Whelan retaliated against him for testifying in a previous lawsuit by writing a false disciplinary report about him. Mr. Peck also alleges that Charles E. Whelan separately retaliated by providing evidence consistent with the report during his two C.A.B. hearings. These are not distinct acts of retaliation, but rather one continuous act. Therefore these claims are addressed collectively.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state a claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that

2

activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have occurred "but for" the protected conduct. Giving Mr. Peck the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this states a claim for retaliation.

Mr. Peck alleges that in addition to the false report by Charles E. Whelan on March 2, 2005, Barbara L. Roseborough and Farshawna L. Crook knowingly provided false reports about him on March 2, 2005 and April 4, 2005, respectively. An inmate states a claim under § 1983 if a guard knowingly prepares a false report that is the basis for sanctions against the inmate if the inmate was also denied his rights under *Wolff v. McDonnell*, 418 U.S. 539 (1974).

> [A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.

*Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1983). Here Mr. Peck alleges that he was denied a *Wolff* right, that he lost good time credit, and that the punishment which resulted from these reports was rescinded when the case was dismissed on subsequent appeal. Giving Mr. Peck the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations state claims for knowingly submitting false reports.

3

Mr. Peck alleges that James L. Cadwell, Bessie E. Leonard, and Ernesto Delao denied him due process during his C.A.B. re-hearing on April 7, 2005 when they refused to consider exculpatory evidence which he sought to introduce. He also alleges that John C. Cosich, Larry A. Ludwig, and Kyle R. Moore denied him due process during his C.A.B. hearing on June 22, 2005 when they refused to consider exculpatory evidence which he sought to introduce. *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that an inmate be afforded the opportunity to introduce evidence at such a hearing where he loses good time. *Edwards v. Balisok*, 520 U.S. 641 (1997). Giving Mr. Peck the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations state claims for a denial of due process because even without proof of actual injury, denial of procedural due process is actionable for nominal damages. *Carey v. Phiphus*, 435 U.S. 247, 266 (1978).

Mr. Peck also alleges that John C. Cosich, Larry A. Ludwig, and Kyle R. Moore retaliated against him during his rehearing on June 22, 2006 by imposing greater punishment than he received from his first hearing. He alleges that they retaliated because he successfully appealed from his first hearing. Giving Mr. Peck the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this states a claim for retaliation.

Additionally, Mr. Peck alleges that none of the C.A.B. members were impartial. Mr. Peck misunderstands the meaning of the impartial decision maker

4

requirement. It is not mere duplication of the other *Wolff* rights and it is not violated merely because the decision maker violated one of them. Rather, it is violated only if the decision maker is substantially involved in the investigation of the charges against the inmate. *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983). Here, Mr. Peck does not allege, and based on this complaint it would not be reasonable to infer, that any of these six C.A.B. members were substantially involved in the investigation of the charges against him. Therefore these claims will be dismissed.

Mr. Peck alleges that Jason P. Nowatzke and Kristina J. McCarty denied him due process when they screened his case before each of the two C.A.B. hearings discussed above. Nothing that either of these defendants did at his screenings could have denied him due process. Neither the due process requirements of the Constitution nor *Wolff v. McDonnell*, 418 U.S. 539 (1974) require screenings and Mr. Peck had no right to introduce any evidence at the screening. Rather it was at the C.A.B. hearing itself where he was entitled to introduce exculpatory evidence and where his due process rights were violated, if they were violated at all. Therefore these claims and defendants will be dismissed.

Mr. Peck alleges that Donald M. Bates twice denied him due process during his appeals of the C.A.B. determinations. Neither the due process requirements of the Constitution nor *Wolff v. McDonnell*, 418 U.S. 539 (1974) require the

opportunity to appeal a C.A.B. ruling; therefore this claim and defendant will be dismissed.

Mr. Peck alleges that Cecil K. Davis did not enforce I.D.O.C. policies, but the violation of an IDOC policy does not state a claim under § 1983. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). He alleges that Cecil K. Davis did not stop retaliation against him which he complained about nearly six or more months before the two separate acts of retaliation alleged in this lawsuit. At the time that Mr. Peck wrote to the Superintendent Davis, there was no retaliation to stop. Furthermore, he does not allege, and based on this complaint it would not be reasonable to infer, that Superintendent Davis had any personal involvement in writing the false disciplinary report or in selecting a punishment at his re-hearing. Finally Mr. Peck alleges that Cecil K. Davis did not protect is due process rights. Again, it would not be reasonable to infer that Superintendent Davis had any personal involvement in these disciplinary proceedings. "[T]he doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Therefore these claims and this defendant will be dismissed.

Mr. Peck seeks both injunctive relief and monetary damages from the defendants in both their individual and official capacities. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather

is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment prohibits monetary damage suits against States and their agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Therefore Mr. Peck may not proceed against any defendant in their official capacity for monetary damages.

Injunctive relief may be obtained from a person in his official capacity under the doctrine of *Ex Parte Young. Holton v. Ind. Horse Racing Comm'n*, 398 F.3d 928, 929 (7th Cir. 2005). But here, the injunctive relief Mr. Peck seeks is to prevent further retaliation. Because none of the retaliatory claims on which he is proceeding in this lawsuit is an official capacity claim, there is no basis for an official capacity injunction in this case. So though he may proceed on his injunctive relief claims against those individual capacity defendants against which he has a retaliation claim, the official capacity claims must be dismissed.

Several claims have survived, but Mr. Peck has not provided any summons nor any USM-285's for serving the remaining defendants in this case. Therefore Mr. Peck will be granted time to prepare and submit a motion requesting service of process by the United States Marshals Service along with two properly completed summons and USM-285's for Charles E. Whelan, Barbara L. Roseborough, Farshawna L. Crook, James L. Cadwell, Bessie E. Leonard, Ernesto Delao, John C. Cosich, Larry A. Ludwig, and Kyle R. Moore. Mr. Peck is cautioned that if, before the deadline, he does not provide the court with the documents

7

needed to serve these defendants, the remaining claims will be dismissed for not complying with an order of this court pursuant to FED. R. CIV. P. 41(b).

For the foregoing reasons, the court:

(1) **GRANTS** Bobby Louis Peck leave to proceed against Charles E. Whelan in his individual capacity for monetary damages and injunctive relief for retaliating against him for testifying during a prior lawsuit by writing a false disciplinary report on March 2, 2005 and providing evidence consistent with that report during his two C.A.B. hearings;

(2) **GRANTS** Bobby Louis Peck leave to proceed against Charles E. Whelan in his individual capacity for monetary damages for knowingly writing a false disciplinary report on March 2, 2005;

(3) **GRANTS** Bobby Louis Peck leave to proceed against Barbara L. Roseborough in her individual capacity for monetary damages for knowingly writing a false report on March 2, 2005;

(4) **GRANTS** Bobby Louis Peck leave to proceed against Farshawna L. Crook in her individual capacity for monetary damages for knowingly writing a false report on April 4, 2005;

(5) **GRANTS** Bobby Louis Peck leave to proceed against James L. Cadwell, Bessie E. Leonard, and Ernesto Delao in their individual capacities for monetary damages for a denial of due process by refusing to consider exculpatory evidence during his C.A.B. hearing on April 7, 2005;

(6) **GRANTS** Bobby Louis Peck leave to proceed against John C. Cosich, Larry A. Ludwig, and Kyle R. Moore in their individual capacities for monetary damages for for a denial of due process by refusing to consider exculpatory evidence during his C.A.B. hearing on June 22, 2005;

(7) **GRANTS** Bobby Louis Peck leave to proceed against John C. Cosich, Larry A. Ludwig, and Kyle R. Moore in their individual capacities for monetary damages and injunctive relief for retaliating against him on June 22, 2005 for appealing from his prior C.A.B. hearing by imposing greater punishment than he received at his first hearing;

(8) **DISMISSES** all other claims;

(9) **DISMISSES** Cecil K. Davis, Donald M. Bates, Jason P. Nowatzke and Kristina J. McCarty;

(10) **DIRECTS** the clerk to enclose 18 summons and 9 USM-285's along with the copy of this order that is sent to Bobby Louis Peck;

(11) **GRANTS** Bobby Louis Peck to and including August 15, 2006 to submit a motion requesting service of process by the United States Marshals Service along with two properly completed summons and USM-285's for Charles E. Whelan, Barbara L. Roseborough, Farshawna L. Crook, James L. Cadwell, Bessie E. Leonard, Ernesto Delao, John C. Cosich, Larry A. Ludwig, and Kyle R. Moore; and

(12) **CAUTIONS** Bobby Louis Peck that if, before that deadline, he does not provide the court with the documents needed to serve these defendants, the remaining claims of this amended complaint will be dismissed for not complying with an order of this court pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**ENTERED: July 21 , 2006**

                                      **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**