UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BOBBY LOUIS PECK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   CAUSE NO.  3:06-CV-226 AS |
| v. | ) |
| | ) |
| **CECIL K. DAVIS,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

*OPINION AND ORDER*

Bobby Louis Peck, a *pro se* prisoner, submitted a second amended complaint (docket # 20) under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In this court's prior screening, the court dismissed Mr. Peck's underlying claims and allowed him to proceed only on his retaliation claims. That is to say, the court found that though the alleged acts themselves did not state a claim, performing those actions in retaliation did state a claim because prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions do not independently violate the Constitution. In this complaint, Mr. Peck now abandons his underlying claims and expands his allegations of retaliation.

Mr. Peck alleges that he testified in a civil proceeding against Investigator Charles E. Whelan. He alleges that in retaliation for that protected activity, Investigator Whelan filed a false disciplinary report on March 2, 2005 alleging that he engaged in trafficking. He alleges that in retaliation for his appealing the finding of guilt, Investigator Whelan retaliated against him by punishing him and by falsely claiming that he was a gang member who engaged in trafficking.

Also in retaliation for his civil proceeding testimony against Investigator Whelan, he alleges that: Barbara L. Roseborough and Farshawna L. Crook provided false statements; Jason P. Nowatzke, James L. Cadwell, Bessie E. Leonard, Ernesto Delao, and Kristina J. McCarty prevented him from submitting exculpatory evidence at his hearing; and Donald M. Bates twice denied him a fair appellate review of his hearing.

In retaliation for both his civil proceeding testimony against Investigator Whelan and for his appealing the finding of guilt, he alleges that John C. Cosich, Larry A. Ludwig, and Kyle R. Moore prevented him from submitting exculpatory evidence. He also alleges that, in retaliation for his

appealing the finding of guilt, William H. Wilson, Robert Roose, Daniel Bodlovich, Edwin Buss, James Wynn, Rondle Anderson, and Cecil K. Davis subjected him to administrative segregation.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state a claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have occurred "but for" the protected conduct. Giving Mr. Peck the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated claims for retaliation against these nineteen defendants.

Mr. Peck states that he has exhausted his administrative remedies because he appealed each of his disciplinary actions and that disciplinary actions are not grievable. What Mr. Peck misunderstands is that his claims here are not based on disciplinary actions which can only be challenged in federal court in a habeas corpus proceeding. This is a civil rights complaint and Mr. Peck is proceeding on claims of retaliation. He does not state that he filed and appealed grievances about each (or any) of these alleged acts of retaliation. Therefore the question of his exhaustion of his administrative remedies is an issue left to be resolved later in this case.

Mr. Peck has provided summons and USM-285's for only fifteen of the nineteen defendants. He has not provided either for Jason P. Nowatzke, James L. Cadwell, Bessie E. Leonard, or Ernesto Delao. Therefore Mr. Peck will be granted time to prepare and submit a motion requesting service of process by the United States Marshals Service along with two properly completed summons and

3

USM-285's for Jason P. Nowatzke, James L. Cadwell, Bessie E. Leonard, and Ernesto Delao. Mr. Peck is cautioned that if he does not provide the court with the documents needed to serve these four defendants, the claims against them will be dismissed for failure to prosecute and for not complying with an order of this court pursuant to FED. R. CIV. P. 41(b). This case will then proceed against only the remaining fifteen defendants.

For the foregoing reasons, the court:

(1) **GRANTS** Bobby Louis Peck leave to proceed against Charles E. Whelan, Barbara L. Roseborough, Farshawna L. Crook, Jason P. Nowatzke, James L. Cadwell, Bessie E. Leonard, Ernesto Delao, Donald M. Bates, Kristina J. McCarty, John C. Cosich, Larry A. Ludwig, Kyle R. Moore, William H. Wilson, Robert Roose, Daniel Bodlovich, Edwin Buss, James Wynn, Rondle Anderson, and Cecil K. Davis in their individual capacities for monetary damages and in their official capacities for injunctive relief for retaliating against him;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to enclose 8 summons and 4 USM-285's along with the copy of this order that is sent to Bobby Louis Peck;

(4) **GRANTS** Bobby Louis Peck to and including February 9, 2007 to submit a motion requesting service of process by the United States Marshals Service along with two properly completed summons and USM-285's for Jason P. Nowatzke, James L. Cadwell, Bessie E. Leonard, and Ernesto Delao; and

(5) **CAUTIONS** Bobby Louis Peck that if, before that deadline, he does not provide the court with the documents needed to serve these defendants, they will be dismissed without further notice

for failure to prosecute and for not complying with an order of this court pursuant to FED. R. CIV. P. 41(b) and that this case will then proceed against only the remaining fifteen defendants.

 **IT IS SO ORDERED.**

 **ENTERED: January 17, 2007**

            **_____S/ ALLEN SHARP_____**
            **ALLEN SHARP, JUDGE**
            **UNITED STATES DISTRICT COURT**